# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **LUNG VAN DO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | No. 3:25-CV-00634-LS |
| | § | |
| **WARD, CAMP EAST MONTANA and** | § | |
| **FIELD OFFICE DIRECTOR, EL PASO** | § | |
| **FIELD OFFICE ICE-ERO,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner Lung Van Do brings this writ of habeas corpus against Respondents under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] For the following reasons, the Court denies the petition. Because Petitioner is unable to obtain relief on his claims, the Court will not hold an evidentiary hearing.[2]

## I. BACKGROUND.

Petitioner was born in Vietnam in 1975.[3] At three months old, he relocated to the United States with his family as refugees.[4] Petitioner received lawful permanent residence status in 1975.[5]

Between 1992 and 1997, Petitioner was convicted of multiple charges of retail theft and one charge of burglary.[6] Petitioner was also convicted of possession of child pornography in 2005.[7]

---

[1] ECF No. 1.

[2] *See Hickman v. Chandler*, 370 F. App'x 527, 529 (5th Cir. 2010) ("Because [the petitioner] is unable to obtain relief on those claims, the district court did not abuse its discretion by refusing to hold an evidentiary hearing or appoint counsel.").

[3] ECF No. 1 at 3.

[4] *Id.*

[5] *Id.*

[6] ECF No. 5-1 at 2–3.

[7] ECF No. 1 at 5.

As a result, he was placed in removal proceedings on October 15, 2009, and detained by ICE.[8] His order of removal became final on November 25, 2009.[9] Petitioner was released under an order of supervision on February 23, 2010[10] and remained in that status until ICE detained him on November 12, 2025.[11]

## II.    ANALYSIS.

Once an alien has been ordered removed, the Government must remove him from the United States within a period of ninety days.[12] This ninety-day period begins on the latest of: (1) the date the order of removal becomes administratively final, (2) the date of a court's final order, if the removal order is judicially reviewed, or (3) the date that the alien is released from detention or confinement in non-immigration custody.[13]

During the removal period, the alien must be detained.[14] If the alien is not removed within the removal period, he is generally subject to supervision under the regulations laid out in 8 U.S.C. § 1231(a)(3). Some aliens may continue to be detained past the removal period under 8 U.S.C. § 1231(a)(6). This statute states:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In *Zadvydas v. Davis*,[15] the Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the

---

[8] *Id.* at 6; ECF No. 5-1 at 3.
[9] ECF No. 1 at 6.
[10] *Id.*
[11] *Id.*
[12] 8 U.S.C. § 1231(a)(1)(A).
[13] *Id.* § 1231(a)(1)(B).
[14] *Id.* § 1231(a)(2)(A).
[15] 533 U.S. 678 (2001).

United States. It does not permit indefinite detention."[16] The *Zadvydas* court concluded that six months was a "presumptively reasonable period of detention."[17] After that period of time, if there "is no significant likelihood of removal in the reasonably foreseeable future,"[18] an alien held under § 1231(a)(6) should be released, with release "conditioned on any of the various forms of supervised release that are appropriate to the circumstances."[19]

### A.      *Failure to Follow Agency Regulations*

Petitioner was released from ICE custody in 2002 because ICE determined that his removal was not reasonably foreseeable.[20] Therefore, Petitioner's re-detention would fall under 8 C.F.R. § 241.13(i), which allows for re-detention if, "on account of changed circumstances," ICE "determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."[21] The regulations require that the alien "be notified of the reasons for revocation of his or her release" and that ICE conduct an informal interview with the alien.[22] Petitioner was issued a notice of revocation of release once he was re-detained by ICE.[23] Neither party has provided a copy of the revocation of release, but, according to Respondents, it was issued because of ICE's determination that Petitioner can now be deported to Vietnam.[24]

The Fifth Circuit has held that an agency's violations of its own regulations may support a due process claim.[25] But "[t]he failure of an agency to follow its own regulations is not, however,

---

[16] *Id.* at 689.
[17] *Id.* at 701.
[18] *Id.*
[19] *Id.* at 700.
[20] ECF No. 5-1 at 4.
[21] 8 C.F.R. § 241.13(i)(2).
[22] *Id.* § 241.13(i)(3).
[23] ECF No. 5-1 at 4.
[24] *Id.*
[25] *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 (5th Cir. 2025); *see also id.* at 799 n.3 (stating that "the proper vehicle" for claims that an agency failed to follow its own regulations is the Due Process Clause); *Francois v. Garland*, 120 F.4th 459, 464–65 (5th Cir. 2024) (holding that the plaintiff had shown that the Board of Immigration Appeals deprived him of due process by violating its own regulations and stating that "[f]ailure

3

a per se denial of due process unless the regulation is required by the constitution or a statute."[26] If an agency fails to follow a regulation that "is not compelled by the Constitution or statute," then the party asserting a rights violation "must show substantial prejudice to state a due process violation."[27]

Petitioner argues that he was not afforded an informal interview nor informed of the reason for the revocation of his release.[28] However, even if ICE did violate its own regulations in this regard, Petitioner has failed to show substantial prejudice. Generally, an alien must make a prima facie showing that the alleged violation affected the outcome of his proceedings to show substantial prejudice.[29] Petitioner acknowledges that there are changed circumstances such that his removal to Vietnam is now possible. He states that, as of November 2020, the United States and Vietnam have signed a Memorandum of Understanding, "creating a process for the U.S. to request repatriation for pre-1995 arrivals."[30] Respondents confirm that in 2025, ICE "successfully removed over 400 Vietnamese nationals to Vietnam," and that a flight to Vietnam occurred as recently as November 2, 2025.[31] And Respondents state that they are in the process of obtaining travel documents from Vietnam for Petitioner.[32] Petitioner fails to show that ICE's failure to follow the procedures laid out in 8 C.F.R. § 241.13(i) would have affected the outcome of his proceedings, if in fact any such failure occurred.

---

to adhere to regulations can constitute a denial of due process of law" (quoting *Arzanipour v. I.N.S.*, 866 F.2d 743, 746 (5th Cir. 1989))).

[26] *Arzanipour*, 866 F.2d at 746.

[27] *Francois*, 120 F.4th at 466.

[28] ECF No. 1 at 11.

[29] *Francois*, 120 F.4th at 466 (citing *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018)); *see also Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997) (stating that a showing of substantial prejudice required the plaintiff to show that, if the deadline for his brief had been extended, he would have been able to file a brief that would make a strong case for asylum).

[30] ECF No. 1 at 7.

[31] ECF No. 5 at 5.

[32] *Id.* at 2.

### B. *Due Process Analysis*

A detainee held under 8 U.S.C. § 1231 can only challenge his detention on due process grounds under the framework laid out in *Zadvydas*, unless exceptional circumstances apply.[33] Under *Zadvydas*, it is the petitioner's burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[34] "To carry his burden under *Zadvydas*, [a] [p]etitioner 'must demonstrate that the circumstances of his status, or the existence of particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future.'"[35] This requires more than "conclusory statements."[36]

Petitioner argues that the request for travel documents is taking longer than the average request and that "Vietnam conducts extensive vetting of travel document requests which often takes many months to complete and involves steps that will be impossible as to [Petitioner], such as verification with relatives and review of documents from Vietnam."[37] The assertion that it will be "impossible" for Petitioner to prove his Vietnamese citizenship is merely a conclusory allegation until Petitioner actually goes through the vetting process. And the fact that it is taking Vietnam longer to respond does not mean that Vietnam will not grant the requisite travel documents in the reasonably foreseeable future. The Court concludes that Petitioner has not met his burden under *Zadvydas*.

---

[33] *Castaneda v. Perry*, 95 F.4th 750, 760–61 (4th Cir. 2024).

[34] 533 U.S. at 701.

[35] *Shah v. Wolf*, No. 3:20-CV-994-C-BH, 2020 WL 4456530, at *3 (N.D. Tex. July 13, 2020) (internal quotations omitted) (quoting *Idowu v. Ridge*, 3:03-CV-1293-R, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003)).

[36] *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

[37] ECF No. 6 at 3.

Finally, Petitioner argues that he was entitled to a pre-deprivation bond hearing but cites no statute or regulation supporting this contention.[38] Neither 8 C.F.R. § 241.13 nor 8 C.F.R. § 241.4 require such a hearing.

**III.    CONCLUSION.**

For the foregoing reasons, Petitioner Lung Van Do's writ of habeas corpus [ECF No. 1] is **DENIED**. All pending motions are denied as **MOOT** and the Clerk shall **CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on April 7, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[38] ECF No. 1 at 10.